UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| STEVE BYRD, individually and on behalf of all others similarly situated, <br><br> v. <br><br> ETX ENERGY, LLC. | **Case No.: 4:20-cv-01622** <br> Collective Action (29 U.S.C. § 216(b)) |

## COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. ETX Energy does not pay overtime to its oilfield workforce. Instead, ETX Energy pays these workers a day rate with no overtime compensation, even though they work many hours in excess of forty hours per week. Because this practice results in non-payment of overtime wages to Steve Byrd and other similarly situated workers, Byrd brings this collective action to recover unpaid overtime wages and other damages under the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*) ("FLSA").

### JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to Byrd's claim occurred in this district.

### THE PARTIES

4. Byrd was employed by ETX Energy a day rate oilfield worker within this district.

5. ETX Energy, headquartered in Tulsa, claims to be positioning itself as a leading operator in the Eastern Eagle Ford and Austin Chalk development in Texas.

6. ETX Energy drills wells for the oil and gas industry.

7. ETX Energy employed Byrd and the Class Members as day rate oilfield workers to accomplish ETX Energy's core business, which is drilling wells, like these workers featured prominently on ETX Energy's website.



8. Byrd brings this action on behalf of himself and all other similarly situated oilfield workers who were paid a day rate with no overtime pay who worked for ETX Energy.

9. ETX Energy paid these workers a day rate, without overtime pay required by the FLSA.

10. Byrd's written consent to be a party plaintiff is attached as Exhibit 1.

11. Byrd seeks to represent a class of similarly situated day rate workers under the FLSA pursuant to 29 U.S.C. § 216(b) that is defined as:

> **All current and former oilfield workers that worked for ETX Energy and who were paid a day rate during the last three years (the "Class Members").**

### FACTS

12. At all times hereinafter mentioned, ETX Energy has been an employer within the meaning of section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. At all times hereinafter mentioned, ETX Energy has been part of an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. At all times hereinafter mentioned, ETX Energy has been, or has been part of, an enterprise engaged in interstate commerce or in the production of goods for interstate commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1) because it has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than the statutorily required $500,000 (exclusive of excise taxes at the retail level which are separately stated).

15. ETX Energy, at all relevant times, has had employees that handle, sell, or work on vehicles, computers, telephones, tools, oilfield equipment, and safety equipment was produced for interstate commerce or that traveled in interstate commerce.

16. At all relevant times, ETX's gross annual revenues were well in excess of $1M, reportedly in excess of $50M.

17. Byrd and the Class Members performed duties for ETX Energy that were integral to its operations, including drilling wells.

18. Byrd and the Class Members set up rigs, drill wells, operate machinery, and fix broken oilfield equipment.

19. The oilfield work that Byrd and the Class Members perform is brutal, physically demanding, and emotionally challenging.

20. These workers work for weeks with no days off, often far from home and relentlessly exposed to all weather conditions.

21. The oilfield work that Byrd and the Class Members perform is dirty, sweaty, and dangerous.

22. They are supposed to only work 12 hour shifts from 6:00 to 6:00, but they often work more than that because there are often issues that need to be fixed when you are drilling wells.

23. Byrd was supposed to work 14 days on and 14 days off, but ETX did not allow that.

24. In Byrd's almost 1-year employment, ETX only let him have about 22 days off.

25. Byrd's employment was also only supposed to be 3 months, but it lasted almost a year.

26. ETX controlled Byrd's and the Class Members' work schedules.

27. The duties of oilfield workers like Byrd and the Class Members do not require a college degree and are usually performed by workers whose highest level of formal education is a high school diploma.

28. Byrd's day rate was $1,600 per day.

29. Byrd's and the Class Members' day rates reflect the reality that it costs employer's like ETX Energy more money to employ workers willing to be gone from their loved ones for weeks or months and endure extremely demanding conditions, knowing they might never come home.

30. Byrd reported to directly to ETX Energy's engineers and project superintendent.

31. ETX Energy paid Byrd and the Class Members a day rate with no overtime premium for hours worked in excess of 40 in a workweek.

32. Throughout Byrd's employment with ETX Energy, ETX Energy paid him on a day rate basis.

33. Byrd and the Class Members work for ETX Energy under its day rate pay scheme.

34. If Byrd and the Class Members did not work, they did not get paid.

35. Byrd and the Class Members receive a day rate.

36. Byrd and the Class Members do not receive overtime pay.

37. This is despite the fact that Byrd and the Class Members often work more than 12 hours a day, every day, for weeks or months at a time.

38. Byrd and the Class Members were not permitted to work for other companies while working for ETX Energy.

39. ETX Energy controlled the job site, including when Byrd and the Class Members could work.

40. Byrd and the Class Members received a day rate regardless of the number of hours they worked in a week, even when they worked more than 40 hours.

41. Byrd and the Class Members are not employed on a salary basis.

42. Byrd and the Class Members do not, and never have, received guaranteed weekly compensation irrespective of the days worked (i.e., the only compensation they receive is the day rate they are assigned for all hours worked in a single day or week).

43. Byrd and the Class Members work in accordance with the schedule set by ETX Energy.

44. Byrd's work schedule is typical of the Class Members.

45. ETX Energy controls Byrd's and the Class Members' pay.

46. Likewise, ETX Energy controls Byrd's and the Class Members' work.

47. ETX Energy requires Byrd and the Class Members follow ETX Energy's and/or its clients' policies and procedures.

48. Byrd and the Class Members' work must adhere to the quality standards put in place by ETX Energy and/or its clients.

49. Byrd and the Class Members are part of a permanent workforce employed to perform all of ETX Energy's drilling work.

50. ETX Energy provides all meaningful capital investment required to drill wells.

51. Byrd and the Class Members do not provide anything beyond what employees ordinarily provide to do their work.

52. Byrd and the Class Members are not required to possess any unique or specialized skillset (other than that maintained by all other workers in their respective positions) to perform their job duties.

53. Byrd and the Class Members perform similar duties related to setting up, operating, maintaining, and taking down drilling rigs.

54. At all relevant times, ETX Energy maintained control over Byrd and the Class Members via hiring, firing, discipline, timekeeping, payroll, and other employment practices.

55. Byrd's working relationship with ETX Energy is similar to ETX Energy's relationship with the Class Members

56. ETX Energy knew Byrd and the Class Members worked more than 40 hours in a week.

57. ETX Energy knew Byrd and the Class Members were paid a day rate.

58. ETX Energy knew that all employees are entitled to overtime pay unless an exemption applies.

59. ETX Energy knew that day rate workers, like Byrd and the Class Members, are generally not exempt from overtime pay.

60. ETX Energy knew, or showed reckless disregard for, whether the Class Members were entitled to overtime under the FLSA.

61. Nonetheless, ETX Energy failed to pay Byrd and the Class Members overtime.

62. ETX Energy willfully violated the FLSA.

## CAUSE OF ACTION

63. By failing to pay Byrd the Class Members overtime at one-and-one-half times their regular rates, ETX Energy violated the FLSA's overtime provisions.

64. Because ETX Energy knew, or showed reckless disregard for whether, its pay practice violated the FLSA, ETX Energy owes these wages for the past three years.

65. ETX Energy owes Byrd and the Class Members an amount equal to the unpaid overtime wages as liquidated damages.

66. Byrd and the Class Members are entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action.

## RELIEF SOUGHT

67. WHEREFORE, Byrd seeks relief against ETX Energy as follows:

   a. An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   b. Judgment pursuant to Section 16(b) of the FLSA finding ETX Energy liable for unpaid back wages due to Byrd and the FLSA Class Members and for liquidated damages equal in amount to their unpaid compensation;

   c. Judgment awarding attorneys' fees, costs and pre- and post-judgment interest; and

   d. All such other and further relief as may be necessary and appropriate.

- 8 -

Respectfully submitted,

By: **/s/ David I. Moulton**
_____
Richard J. (Rex) Burch
Texas Bar No. 24001807
David I. Moulton
Texas Bar No. 24051093
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
rburch@brucknerburch.com
dmoulton@brucknerburch.com


Michael A. Josephson
Texas Bar No. 24014780
Andrew W. Dunlap
Texas Bar No. 24078444
**JOSEPHSON DUNLAP LAW FIRM**
11 Greenway Plaza, Ste. 3050
Houston, Texas 77046
Telephone: (713) 352-1100
Telecopier: (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

**Attorneys for Plaintiff**

Case 4:20-cv-01622 Document 1 Filed on 05/07/20 in TXSD Page 8 of 8