

Houston
910 Louisiana Street
Suite 4000
Houston, TX  77002

(713) 292-0150 Tel
(713) 292-0151 Fax

**Writer's Direct Dial:**
(713) 292-5606

**Writer's E-mail:**
mramirez@fisherphillips.com

June 8, 2020

Susan Gram
Case Manager for Judge George C. Hanks, Jr.
515 Rusk Street, Room 5300
Houston, Texas 77002

      Re:  Case No. 4:20-cv-01622, *Steve Byrd v. ETX Energy, LLC*

Dear Ms. Gram:

      This firm represents Defendant, ETX Energy, LLC ("ETX"), in the above referenced case. Pursuant to Rule 6 of Judge Hanks' Court Procedures, ETX requests a pre-motion conference with respect to its anticipated motion to transfer venue pursuant to 28 U.S.C. § 1404(a). ETX has conferred with Plaintiff regarding the motion and Plaintiff objects to the same.

      Plaintiff's sole claim in this action is one for unpaid wages under the Fair Labor Standards Act ("FLSA"). Plaintiff and ETX entered into a Master Services Contract ("MSC"), which governs the terms and conditions of the work Plaintiff performed for ETX. The MSC contains the following forum selection clause:

> Exclusive venue for any suit, action or proceeding brought by either party in connection with this Contract or arising out of the terms or conditions hereof will be in the City of Tulsa, Tulsa County, Oklahoma. The parties hereby irrevocably and unconditionally waive, to the fullest extent that may legally and effectively do so, any objection they may now or hereafter have to the laying of venue of any suit, action or proceeding arising out of or relating to this Contract, or the transactions contemplated hereby, in the state and federal courts situated in the City of Tulsa, Tulsa County, Oklahoma.

      The United States District Court for the Northern District of Oklahoma is located in Tulsa, Oklahoma.

### ARGUMENTS AND AUTHORITIES

      Section 1404(a) provides that, "in the interest of justice, district courts may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Typically, courts consider private and public interest factors in determining whether to transfer a case. *Atl. Mar. Constr. Co., Inc. v. U.S. Dist. Ct. for the Western Dist. of Tex.,* 571 U.S. 49, 64 (2013). The presence of a mandatory, enforceable

Page 2

forum selection clause, however, significantly alters the analysis. *Id.* at 62-64.

First, it eliminates the deference normally given to a plaintiff's choice of forum. *Id.* at 63-64. Second, it prohibits the district court from considering any of the plaintiff's private interests for wanting to litigate the case in his chosen forum. *Id.* This means a plaintiff can defeat a motion to transfer pursuant to a mandatory clause only if he shows the public interest factors "overwhelmingly disfavor a transfer." *Id.* at 67.

**I.      The MSC Contains a Mandatory, Enforceable Forum Selection Clause.**

In order for a forum selection clause to alter the §1404(a) analysis, it must be mandatory, enforceable, and broad enough to govern the present case. *Axis Oilfield Rentals, LLC v. Mining, Rock, Excavation and Construction, LLC*, 2015 WL 5774801, at *4 (E.D. La. Sept. 30, 2015). The MSC's clause meets each of these requirements.

The use of language of exclusivity makes a forum selection clause mandatory. *Argyll Equities LLC v. Paolino*, 211 Fed.Appx. 317, 318 (5th Cir. Dec. 28, 2006); *Link America, LLC v. Infovista Corp.*, 2016 WL 3406114, at *2 (N.D. Tex. June 21, 2016). In the present case, the MSC's forum selection clause states the "[e]xclusive" venue for any action connected to the MSC "will be" in Tulsa. The parties also agreed to "irrevocably and unconditionally waive" any objection to venue being in Tulsa. Therefore, the clause is mandatory.

Forum selection clauses are presumptively enforceable. *Haynesworth v. Corporation*, 121 F.3d 956, 962-63 (5th Cir. 1997). To rebut this presumption, a plaintiff must show the clause is "unreasonable" because it was the product of fraud or overreaching, he will be deprived of his day in court or a remedy if the clause is enforced, or enforcement of the clause would contravene a strong public policy in the forum state. *Id.* Plaintiff cannot establish any of these reasons.

The MSC's forum selection clause was not the result of fraud or overreaching. In the MSC, Plaintiff represented he had read and understood the terms therein and had the opportunity to consult his attorney prior to executing it. Also, Plaintiff owned a business when he signed the MSC, which means he was a sophisticated party on equal footing with ETX. *See Haynesworth*, 121 F.3d at 965 n.17; *Ragar Transportation v. Lear Corp.*, 2016 WL 8461422, at *4 (S.D. Tex. Sept. 29, 2016).

In addition, Plaintiff will not be deprived of his day in court or a remedy if this case is transferred. His sole claim is under a federal law. The Northern District of Oklahoma will have to apply the same law and remedies as this Court. Moreover, Plaintiff conceded to the fairness of his claim being litigated in Tulsa when he executed the MSC. As to the last factor, there is no public policy of Texas at issue because the sole matter at issue is a federal law. Plaintiff cannot demonstrate the forum selection clause is unreasonable. Therefore, it is enforceable.

Finally, the scope of the clause encompasses Plaintiff's FLSA claim. Clauses that apply to disputes "connected with" a contract are construed broadly. *Brown v. Federated Capital Corp.*, 991 F.Supp.2d 857, 862 (S.D. Tex. 2014). Courts have held broadly worded forum selection clauses in alleged employment agreement encompass FLSA claims. *Goodly v. Check-6, Inc.*, 2016 WL 3090293, at *1-3 (E.D. La. June 2, 2016). Here, the forum selection clause encompasses any dispute "in connection with" the MSC. Plaintiff's claim is for unpaid wages. The terms of the MSC address Plaintiff's compensation for performing work for ETX. Moreover, Plaintiff alleges he was ETX's employee. ETX maintains he was an independent contractor, as expressly stated in the MSC. Determining whether Plaintiff was an independent contractor or

Page 3

employee will entail scrutiny of the parties' obligations to each other, which are set out in the MSC. Therefore, Plaintiff's FLSA claim falls squarely within the scope of this clause.

Because the forum selection is mandatory, enforceable, and encompasses Plaintiff's claim, it governs the Court's §1404(a) analysis. Plaintiff's choice of forum should be given no weight and the private interest factors should be deemed to favor transferring this case

**II.    §1404(a) Public Interest Factors Weigh Heavily in Favor of Transferring this Case.**

Courts consider the following public interest factors in analyzing a §1404(a) motion: "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Atl. Mar. Constr. Co., Inc.*, 571 U.S. at 62 n. 6. The second and third factors are irrelevant to the case at bar. Plaintiff's claim is brought under a federal statute. It does not implicate state law.[1]

The remaining factor, administrative issues of the courts, weighs heavily in favor of transferring this case. The Northern District of Oklahoma has a much lighter docket than the Southern District of Texas. The most recent Federal Court Management Statistics report shows that the number of filings per judge in the Southern District of Texas is 1,002, but in the Northern District of Oklahoma it is only 367. The average judge in the Southern District of Texas has 787 pending cases, but the average judge in the Northern District of Oklahoma has only 297.  The Southern District of Texas has 333 pending cases that are over three (3) years old, whereas the Northern District of Oklahoma has only 38.

Transferring this case to the Northern District of Oklahoma would alleviate this Court's docket in favor of a court with substantially fewer cases before it.   Accordingly, the only relevant public interest factor weighs heavily in favor of transferring this case.  Plaintiff cannot demonstrate this case is one of the "unusual cases" which justifies the Court ignoring a mandatory, enforceable forum selection clause.

Therefore, ETX respectfully requests a pre-motion conference to discuss its anticipated motion to transfer venue.

Very truly yours,

*/s/ Mauro Ramirez*
Mauro Ramirez
For FISHER & PHILLIPS LLP

---

[1] While Plaintiff's claims are made pursuant to a federal statute, diversity jurisdiction is also present herein. ETX is a Delaware company with its principal place of business in Tulsa, Oklahoma; Plaintiff is a Texas resident.  The amount in controversy exceeds $75,000.